# District Grand Lodge of Ala. *v.* Jones.

### *Assumpsit.*

(Decided May 16, 1912.   59 South. 313.)

1. *Insurance; Mutual Benefit; Action on Policy; Evidence.*—The evidence considered and held to show a delivery of the policy after the death of the insured by the secretary of the local lodge to the endowment secretary of the order.

2. *Evidence; Best and Secondary; Custody of Policy; Delivery.*— Where the local secretary of a fraternal insurance company was the agent of the order for the purpose of obtaining the policy upon the death of the insured, a delivery of such policy to such secretary was a delivery to the lodge, so as to charge it with the custody of the policy, and permit secondary evidence of its contents after a demand for production.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Lou. Jones against the District Grand Lodge of Alabama, upon a mutual benefit insurance certificate. Judgment for plaintiff and defendant appeals. Affirmed.

COLEMAN, DENT & WEIL, for appellant. Counsel discuss the evidence with a view of showing that there

was no sufficient proof offered showing delivery of the policy to the secretary of the lodge or to the lodge itself, and hence, that the rule that the absence of the original must be properly accounted for before secondary evidence is admissible, was not sufficiently complied with, in order to admit secondary evidence of the contents of the policy.—1 Greenleaf on Evidence, 16th Ed., sec. 563 c; 1 Greenleaf on Evidence, 16th Ed., sec. 563 e; *Ala. Construction Co. v. Meador,* 143 Ala. 336; *O'Neal v. McKinna,* 116 Ala. 606; *Abingdon Mills v. Grogan,* 167 Ala. 146; *Shields v. Bird,* 15 Ala. 818; *Bogan v. McCutcheon,* 48 Ala. 493; *Huggins v. Southern Railway,* 49 South. Rep. 299; *Brent v. Baldwin,* 49 Sp. Rep. 343; *Jobes v. Lows,* (Kansas), 66 Pac. Rep. 627; *Hedenberg v. Nash,* 144 Ill. App. 252.

L. A. SANDERSON, for appellee. Under the evidence the local secretary was the person to receive the policy for the lodge, and the defendant is estopped from saying that plaintiff had not exercised due diligence in an effort to have the original policy in court.—*Dis. G. L. v. Hill,* 57 South. 151; *United O. of G. C. v. Hooser,* 160 Ala. 334; *Littleton v. Clayton,* 77 Ala. 571. The defendant denied that the policy had ever been received, and hence, notice to produce would have been useless.— *Wells v. Branscomb,* 28 Ala. 200.

DE GRAFFENRIED, J.—The appellee is the widow of Andrew Jones, and at the time of his death she held a life insurance policy, issued by appellant, on the life of the husband for the benefit of the appellee. The appellant had a local lodge to which said Andrew Jones belonged, and shortly after his death the appellee delivered the policy to the secretary of the local lodge. The policy was not paid, and this suit was brought to re-

cover the amount due thereon.   There was a judgment
in the court below in favor of the appellee for the
amount due on the policy, and this appeal is prosecuted
to reverse that judgment.

The only question presented to us for review is the
action of the trial court in permitting secondary evi-
dence of the contents of the policy to be introduced on
the trial of the case.   The original policy was not intro-
duced in evidence, and the trial court, against the sea-
sonable objections of appellant, permitted appellee to
offer secondary evidence of the contents of the policy;
and the appellant, on this appeal, seeks a reversal of the
judgment because of this ruling of the trial court, which
is here insisted upon as having been erroneous.

It is admitted by appellant that the question as to
whether secondary evidence of a writing is or is not ad-
missible is one, under the evidence touching that sub-
ject, solely for the trial court.   It is also admitted by
the appellant that if the absence of a paper is properly
accounted for, or if the paper is shown to be in the pos-
session of the opposite party, the proper demand has
been made upon such opposite party to produce such
paper, and the paper is not produced, then secondary
evidence as to the contents of such paper may be intro-
duced.   Of course when there is a conflict in the prelimi-
nary proof as to whether or not the paper, as to the
contents of which secondary evidence is offered, has
been lost, or whether or not it is in the possession of
the opposite party, the trial court, being the forum to
which such preliminary proof is addressed, must deter-
mine that issue of fact; and on appeal the same reason-
able presumptions should be indulged in favor of the
findings of fact by the trial court on that subject as are
indulged in its favor as to its findings on all other dis-
puted issues of fact.   In the present case the appellee

was not in possession of the policy, and no question was raised as to the sufficiency of the notice to appellant to produce the paper. The only question was whether the trial court was justified in holding that the appellant was actually or presumptively in possession of the paper.—*Mooney v. Hough,* 84 Ala. 80, 4 South. 19.

The evidence on this subject showed that the appellee, shortly after her husband's death, delivered the policy to the local secretary of the proper subordinate lodge of appellant. It is not denied by appellant that this local secretary was the proper officer to receive the policy, and that its delivery by appellee to him was in accordance with the rules and regulations of appellant. The evidence, without dispute, shows that the local secretary was charged with the duty of forwarding the policy to the endowment secretary of the appellant; and, while the local secretary swore positively that he forwarded the policy to one Jackson, at Birmingham, and that Jackson was the endowment secretary at the time he so forwarded the policy, in view of the fact that the other evidence disclosed that one Pickens, who resided at Talladega, was, at that time, the endowment secretary, and that the local secretary was, as local secretary, communicating with Pickens as such endowment secretary, the trial court might well have found that, as Jackson was *not* the endowment secretary, the local secretary forwarded the policy to the real endowment secretary, and not to Jackson, at Birmingham. The local secretary was evidently mistaken when he testified that Jackson was secretary after September 13, 1910; and, while he testified that he sent to Jackson, the endowment secretary, after the 13th of September, the policy, nevertheless, as the evidence shows that on that very day the local secretary was corresponding with the new endowment secretary, Pickens, and the local secre-

tary also testified that it was his duty to forward the
policy to the endowment secretary, the court was au-
thorized to find that the local secretary, if he forward-
ed the policy after September 13th, sent the paper to the
proper officer, instead of to Jackson.   The evidence of
the local secretary is conclusive that he sent the policy
to the *endowment secretary,* although he also swears
that he sent it to Jackson, and, with equal positiveness,
*swears* that Jackson was the *endowment secretary* at the
time he sent it.   It may be also that, as appellee's hus-
band died in August, 1910, and as Jackson remained
endowment secretary until the 6th or 7th of September,
the local secretary, who is plainly confused in his testi-
mony as to dates, sent the policy to Jackson in August
or in September, when he first notified Jackson, the then
endowment secretary, of the death of appellee's husband,
instead of at the time when, as the local secretary recol-
lected it at the trial, he forwarded the formal proofs of
death to the endowment secretary.   At any rate, while
the evidence of the local secretary is confused and is
contradicted by other testimony as to dates, we see no
reason why the trial court should have discarded his
positive statement that he sent the policy to the endow-
ment sceretary.   All the evidence shows that the local
secretary was charged with the duty of receiving from
appellee the policy and of forwarding it to the endow-
ment secretary and the court was authorized to find
from the evidence in the case that the local secretary
did in fact perform that duty, and that he sent the pol-
icy to the real endowment secretary of the appellant,
although he may have been honestly mistaken in his tes-
timony as to the time when he sent the policy, or as to
which one of the two endowment secretaries he actually
sent it to.   As it was the duty of the local secretary to
receive the policy from appellee and forward it to the

endowment secretary, the local secretary was the agent of the appellant for the purpose of obtaining the policy; and when the local secretary received it the appellant went into the possession of it.—*District Grand Lodge v. Annie Hill,* 3 Ala. App. 483; 57 South. 151.

It is true that in its answers to the interrogatories propounded to it by appellee the appellant stated that it did not have the pos111 of the policy; but it also stated that it had never had possession of it. This latter statement was, confessedly, untrue, as the uncontradicted evidence shows that the local secretary received it from appellee shortly after her husband's death, and his possession was appellant's possession.—*Grand Lodge v. Hill, supra.*

A careful examination of the evidence in the bill of exceptions convinces us that there was sufficient evidence adduced before the trial judge tending to show that the appellant was in the actual presumptive possession of the policy at the time of the trial to authorize him to so find, and we are therefore of the opinion that the record fails to disclose reversible error.

As we are of the opinion that the trial court was authorized to admit parol evidence of the contents of the policy for the reasons above stated, we have refrained from discussing the question as to whether, even if the trial judge had found from the evidence that the local secretary sent the policy to Jackson *after* he had ceased to be the endowment secretary, such parol evidence was not, under the circumstances, properly admissible. As the policy went lawfully into the possession of the appellant, and as appellant had never returned the policy to appellee, it may be that, if appellant's agent, through *mistake,* delivered the policy to a *third* person, the law, nevertheless, cast the duty upon appellant of producing the policy, when demanded by appellee for

use at the trial, and, failing to do so, the appellee had a right to offer secondary evidence of its contents. We do not determine this question, because it is unnecessary for us to do so.

Affirmed.